FILE - USDC -NH
2026 JUL 9 PM 12:52

**STATE OF NEW HAMPSHIRE**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW HAMPSHIRE**

**Richard Townsend, Pro Se**

**119 Hall Road**

**Barrington, NH 03825**

**Phone: 603 498-0747**

**Email: legal.tbf@outlook.com**

**Plaintiff**

**v.**

**Town of Barrington**

**338 Calef Highway**

**Barrington, NH 03825**

**and**

**Chief George Joy, in his individual and official capacities**

**Barrington Police Department**

**774 Franklin Pierce Highway**

**Barrington, NH 03825**

FILE - USDC -NH
2026 JUL 6 PM 12:52

## Defendants

Case No.: _____

# COMPLAINT – JURY TRIAL DEMANDED

## (42 U.S.C. § 1983; Fourth, First, and Fourteenth Amendments; Municipal Liability; Supplemental State Claims)

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events and omissions giving rise to the claims occurred in Barrington, Strafford County, New Hampshire, within this judicial district.

### II. PARTIES

4. Plaintiff Richard Townsend is a citizen of the United States and a resident of Barrington, New Hampshire.

5. Defendant Town of Barrington (the "Town") is a municipal corporation organized under the laws of New Hampshire. It is responsible for the policies, customs, practices, training, supervision, and discipline of its officials and employees, including the Barrington Police Department and its officers. The Town is sued for municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).

6. Defendant George Joy is the Chief of Police of the Barrington Police Department. He is sued in his individual capacity for damages and in his official capacity for injunctive and declaratory relief. At all relevant times, Joy acted under color of state law.

## III. FACTUAL ALLEGATIONS

### A. The False Arrest and Falsified Evidence

7. On or about October 19, 2024, a complaint was filed with the Barrington Police Department by Anabelle Boyle, alleging that Plaintiff had trespassed on property located at 3 Laura Lane, Barrington, New Hampshire.

8. At the time of the complaint, Anabelle Boyle was not the owner of the property and had no legal authority to assert trespass claims. The property at 3 Laura Lane is owned by Lauretta Boyle, who reserved a life estate. Lauretta Boyle has given recorded testimony that she never authorized any action against Plaintiff.

9. Plaintiff was arrested on November 9, 2024, based solely on Anabelle Boyle's complaint. Plaintiff was not taken into physical custody; he was served with a hand-summons. The arresting officer characterized the action as an "arrest," but no custodial detention occurred.

10. Body camera footage from the arrest shows that Plaintiff offered to show the responding officer a physical boundary marker (survey pin) that would have demonstrated he was not on the property of 3 Laura Lane. The officer refused to view the marker and proceeded with the arrest.

11. During the criminal prosecution for trespass (Rochester District Court Docket No. 471-2024-CR-01931), a GIS map was submitted to the court. That map had been printed by Defendant Joy. The map had its property boundary lines removed or

obscured, making it falsely appear that the road was not town property and that the Boyles' property extended to the middle of the road.

12. The authentic GIS maps available to the public through the Town's online system show clear boundaries between Hall Road and the adjoining properties. The falsified map omitted those boundaries.

13. On cross-examination at trial, Anabelle Boyle admitted that her name was not on the deed to the property. Plaintiff was found **not guilty** of criminal trespass in October 2025.

### B. Chief Joy's Admission of Prior Knowledge

14. On February 9, 2026, Plaintiff had a telephone conversation with Chief Joy. During that conversation, Plaintiff asked Joy: "Where did you get the information that the road is on private property and the town does not own the land?"

15. Chief Joy replied: **"I've known it for a long time."** Joy provided no source for this knowledge.

16. When asked whether he printed the GIS map submitted to court, Joy admitted: **"Yes, I printed that map."**

17. At the time of this admission, Joy knew or should have known that the property boundary lines had been removed from the map. His knowledge that the road was town property (and therefore that Plaintiff had not trespassed on private property) existed long before the arrest and prosecution.

### C. Retaliatory Stalking Charge Instigated by Chief Joy

18. After Plaintiff filed complaints and sent numerous written communications to the Barrington Police Department regarding the false arrest and falsified evidence, Chief Joy took retaliatory action.

19. Joy approached Barney Boyle, the husband of Anabelle Boyle, and encouraged him to file a stalking complaint against Plaintiff. Barney Boyle's handwritten complaint contained the phrase **"Per chief Joy."**

20. In a subsequent conversation, Plaintiff asked Joy whether he had put Barney Boyle up to filing the stalking complaint. Joy admitted: **"Yes, I did."** When asked why, Joy replied: **"Because of all the mail you send to us."**

21. The stalking proceedings terminated in Plaintiff's favor: he was found **not guilty** in Rochester District Court.

## D. The Cover-Up and Failure to Correct After Notice

22. Plaintiff sent repeated written complaints, evidence, and preservation demands to the Town, to Chief Joy, to Town Administrator Conner MacIver, to the Board of Selectmen, and to other officials. These communications included detailed evidence of the falsified GIS map, the false arrest, and Chief Joy's admissions.

23. In or about February 2025, more than one year before the filing of this complaint, Plaintiff sent Chief Joy a written offer to hold him harmless from civil liability. That offer was an attempt to resolve the matter without litigation and reflected Plaintiff's recognition that Joy had made a mistake that could be corrected. Joy did not accept the offer and instead continued to prosecute Plaintiff and participate in the cover-up.

24. Town Administrator MacIver, after being fully apprised of the falsified evidence and the conflicts of interest, closed the matter and informed Plaintiff that the Board of Selectmen had been notified. No corrective action was taken.

25. The Town's attorney, Laura Spector-Morgan of Mitchell Municipal Group, was copied on all communications. Instead of reporting misconduct or advising the

Town to correct its errors, she provided a diversionary legal analysis citing irrelevant statutes.

26. The Town has declined to settle the matter, as confirmed by a May 31, 2026 letter from David Betancourt, Esq., counsel for the Town. In that letter, Betancourt disputed that the GIS map was falsified and asserted that Chief Joy had probable cause to arrest Plaintiff.

## E. Damages

27. As a direct and proximate result of the false arrest, falsified evidence, malicious prosecution, retaliation, and cover-up, Plaintiff has suffered and continues to suffer:

a. Severe anxiety, stress, and emotional distress, requiring emergency medical treatment on January 23, 2026, and ongoing psychiatric care and medication;

b. Medical expenses totaling approximately $3,000 to date (with gross billings exceeding $15,000);

c. Damage to his reputation and standing in the community;

d. Strain on his family relationships;

e. Economic losses, including lost business opportunities and costs incurred in defending against the baseless criminal charges and documenting the misconduct;

f. Punitive damages are warranted because Defendant Joy acted with malice, reckless indifference, and an intent to retaliate against Plaintiff for exercising his constitutional rights.

## IV. CLAIMS FOR RELIEF

## COUNT I – 42 U.S.C. § 1983 – False Arrest / Unreasonable Seizure (Fourth Amendment)

(Against Defendant Joy and the Town)

28. Plaintiff incorporates paragraphs 1–27.

29. Defendant Joy caused Plaintiff to be arrested and seized without probable cause.

30. The arresting officer refused to consider readily available exculpatory evidence, including the survey pin that Plaintiff offered to show. The arrest was based solely on an uncorroborated complaint from a person who lacked legal authority over the property.

31. The Town is liable because the arrest and prosecution were carried out pursuant to policies, customs, or practices of deliberate indifference, including failure to train officers on verification of ownership and the duty to consider exculpatory evidence, and because the Town ratified the conduct by closing the investigation after receiving full notice of the falsified evidence.

32. The arrest and seizure violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

## COUNT II – 42 U.S.C. § 1983 – Malicious Prosecution (Fourth Amendment)

(Against Defendant Joy and the Town)

33. Plaintiff incorporates paragraphs 1–27.

34. Defendant Joy initiated and continued criminal proceedings against Plaintiff without probable cause, with malice, and using falsified evidence (the altered GIS map).

35. The criminal proceedings terminated in Plaintiff's favor (not guilty verdict).

36. Plaintiff suffered a deprivation of liberty as a result, including the burden of defending against the prosecution, the stigma of being arrested, and the stress and expense of trial.

37. The Town is liable for the same reasons stated in Count I.

## COUNT III – 42 U.S.C. § 1983 – Fabrication of Evidence (Fourteenth Amendment Due Process)

(Against Defendant Joy and the Town)

38. Plaintiff incorporates paragraphs 1–27.

39. Defendant Joy printed the GIS map that was submitted to court with material boundary lines removed or obscured. He knew or should have known that the map was falsified. His admission that he "knew it for a long time" that the road was town property confirms his knowledge that the map was false.

40. The falsified evidence was used to deprive Plaintiff of liberty and a fair trial.

41. The Town is liable because Joy acted within the scope of his employment and the Town ratified his conduct by failing to investigate or correct the falsification after receiving full notice.

## COUNT IV – 42 U.S.C. § 1983 – First Amendment Retaliation

(Against Defendant Joy)

42. Plaintiff incorporates paragraphs 1–27.

43. Plaintiff engaged in protected activity by petitioning the government – sending complaints, evidence, and preservation demands to Chief Joy, the Town Administrator, the Board of Selectmen, and other officials.

44. Defendant Joy took adverse action against Plaintiff by instigating a stalking complaint against him. Joy admitted that he put Barney Boyle up to filing the complaint and that he did so **"because of all the mail you send to us."**

45. The adverse action would deter a person of ordinary firmness from exercising their First Amendment rights.

46. A causal connection exists between Plaintiff's protected activity and the adverse action, as Joy himself stated.

## COUNT V – Municipal Liability (Monell)

(Against the Town of Barrington)

47. Plaintiff incorporates paragraphs 1–27.

48. The Town maintained customs, practices, and/or policies of deliberate indifference to constitutional violations, including:

a. Failure to train officers on the duty to verify ownership before making trespass arrests;

b. Failure to train officers on the duty to consider exculpatory evidence before arresting;

c. Failure to supervise Chief Joy and other officers;

d. Failure to investigate or correct known misconduct after receiving repeated notice.

49. The Town, through its final policymakers (the Board of Selectmen and Town Administrator), was fully apprised of the falsified evidence, the false arrest, and the retaliatory conduct. The Town closed the matter and took no corrective action, thereby ratifying the unconstitutional conduct.

50. The Town's customs, practices, and/or policies were the moving force behind Plaintiff's injuries.

**COUNT VI – Supplemental State-Law Claims**

51. Plaintiff incorporates paragraphs 1–27.

52. This Court has supplemental jurisdiction over Plaintiff's state-law claims because they arise from the same nucleus of operative facts as the federal claims.

53. Plaintiff asserts the following state-law claims against the appropriate defendants:

a. **Malicious prosecution** under New Hampshire common law;

b. **Intentional infliction of emotional distress**;

c. **Negligence** (against the Town, based on the negligent supervision and retention of Chief Joy and other officers);

d. **Civil conspiracy** (against all defendants who participated in the cover-up).

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Compensatory and punitive damages in an amount to be determined by the trier of fact, together with costs, attorney's fees (if available), and such other and further relief as the Court deems just and proper;

B. Declaratory relief that Defendants' conduct violated Plaintiff's constitutional rights;

C. Injunctive relief requiring the Town to implement policies and training to prevent future false arrests, falsification of evidence, and retaliation.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VII. CERTIFICATE OF SERVICE

Plaintiff certifies that a true and accurate copy of this complaint will be served on all defendants in accordance with the Federal Rules of Civil Procedure after the case number is assigned.

Dated: June 21, 2026.

/s/ Richard Townsend

Richard Townsend, Pro Se

119 Hall Road

Barrington, NH 03825

603 498-0747

legal.tbf@outlook.com

## VERIFICATION

I, Richard Townsend, hereby verify under oath that the facts stated in the foregoing Complaint are true and accurate to the best of my knowledge, information, and belief.

I understand that false statements made herein are subject to the penalties of unsworn falsification under RSA 641:3.

/s/ Richard Townsend, Pro Se

119 Hall Road

Barrington, NH 03825

603 498-0747

legal.tbf@outlook.com