UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Richard Townsend, Pro se<br>Plaintiff<br><br>v.<br>Town of Barrington<br>and<br>Chief George Joy,<br>Defendants | * | C.A. # 1:26-cv-00555-JL |

**Objection to Plaintiff's Motion for Sanctions and Order to Show Cause**

Now comes Chief George Joy, by and through counsel Friedman Feeney Getman PLLC, and respectfully submits this objection to Plaintiff's *Motion for Sanctions and Order to Show Cause* (Doc. 12):

1. Plaintiff (pro se) filed a Motion for Sanctions and Order to Show Cause (Doc 12) upon defendants. The motion mostly re-states the contested allegations in Plaintiff's complaint. The filing devotes much of its twenty-seven pages to accusations that Defendants, attorneys, prosecutors, public officials, and governmental agencies committed felonies, falsified evidence, obstructed justice, and joined a broad conspiracy against Plaintiff. These accusations are all factually disputed by the defendants. The filing also addresses alleged misconduct by a prosecutor, the Strafford County Attorney's Office, the Public Integrity Unit, and the Attorney Discipline Office, who are not parties to the lawsuit. It further discusses unrelated municipal issues, Plaintiff's

taxes, verdicts in other cases, and an asserted entitlement to damages exceeding $30 million.

2. Although the District Court has inherent authority to issue sanctions, “because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. Nasco Inc.,* 501 U.S. 32, 44 (2013). The subject of a sanctions motion must be informed of “(1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense.” *Schlaifer Nance & Co. v. Estate of Warhol* 194 F.3d 323, 334 (2nd. Cir. 1999). The defendant’s broad motion fails to meet that standard.
3. To the extent that Plaintiff’s pleading is construed as a Motion for Sanctions under Fed. Rule. Civ. Pro 11 (c) (2), his motion fails to describe the behavior that allegedly violated Fed. Rule 11 (b).
4. While Plaintiff requests that Chief Joy be held in contempt of court, he does not identify any court order that Chief Joy has disobeyed.
5. To the extent the Plaintiff’s motion is predicated on complaints about service on Chief Joy, counsel has filed an appearance and responsive pleading to Plaintiff’s complaint (Docs. 4,8), so any issue regarding service is moot.

WHEREFORE, counsel respectfully request that the Honorable Court:

a) Deny Plaintiff’s Motion for Sanctions and an Order to Show Cause;

b) Grant such other relief as the Court deems just and equitable.

Respectfully submitted,
/s/ David Betancourt
David Betancourt # 15299
FEENEY FRIEDMAN GETMAN PLLC
95 N. State St.
Concord, NH 03301
(603)-688-9994
dbetancourt@friedmanfeeney.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this motion was served on Richard Townsend

(1) Electronically through the CM/ECF portal, (2) via email at legal.tbf@outlook.com and (3) via U.S. Mail sent to Richard Townsend at 119 Hall Rd, Barrington NH 03825.

/S/ David Betancourt