# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

Richard Townsend, Pro Se
Plaintiff

v.

Town of Barrington and
Chief George Joy, in his individual and official capacities
Defendants

Case No.: 1:26-cv-00555-JL-AJ
Judge Joseph N. Laplante
US Magistrate Judge Andrea K. Johnstone

## PLAINTIFFS OBJECTION TO DEFENDANTS OBJECTION TO MOTION FOR COSTS (DOC 11)

COMES NOW the Plaintiff, Richard Townsend, proceeding pro se, and respectfully objects to Defendants' Objection to Plaintiff's Motion for Costs (Doc. 11). In support thereof, Plaintiff states as follows:

### I. INTRODUCTION

1. Defendants argue that Plaintiff is not entitled to costs under Federal Rule of Civil Procedure 4(d)(2) because Plaintiff never sent a Notice of Lawsuit and Request to Waive Service of Summons form under Rule 4(d)(1). That argument fails.
2. Plaintiff served the Town of Barrington. Plaintiff did not serve Chief Joy. Attorney Betancourt stated that Plaintiff could serve Chief Joy through him. Plaintiff chose not to do so.

3. Serving Chief Joy through Attorney Betancourt would constitute an admission that Plaintiff accepted the arrangement and that Plaintiff approved Attorney Betancourt's representation of Chief Joy despite the conflict of interest. Plaintiff did not accept it. Plaintiff did not approve it.

## II. RULE 4(d)(2) REQUIRES THE COURT TO IMPOSE COSTS

4. Rule 4(d)(2) provides: "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses" .
5. The rule uses the word "must." The imposition of costs is mandatory when a defendant fails to waive service without good cause.
6. Plaintiff incurred costs attempting to serve Chief Joy. Those costs include the travel expenses of Yanlong Townsend and Alan Bristol, as documented in their affidavits.

## III. DEFENDANTS HAVE SHOWN NO GOOD CAUSE

7. Defendants have shown no good cause for refusing to waive service.

8. Chief Joy has been on notice of this lawsuit since August 2026. He has refused to accept service. He has refused to authorize Katie Perry to accept service. He has refused to provide a time and place for personal service. He has refused to cooperate in any meaningful way.
9. Chief Joy suggested Plaintiff serve Attorney Betancourt instead. Attorney Betancourt represents the Town's insurer, not Chief Joy personally. This was a deliberate act of misdirection designed to delay and obstruct service.
10. Defendants have not shown good cause. The mandatory language of Rule 4(d)(2) applies.

## IV. THE CONFLICT OF INTEREST PREVENTED SERVICE THROUGH COUNSEL

11. Plaintiff could not serve Chief Joy through Attorney Betancourt because Attorney Betancourt has a conflict of interest.
12. Under New Hampshire Rule of Professional Conduct 1.7(a), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest .
13. Attorney Betancourt represents the Town and its insurer. Chief Joy is being sued individually. The Town's interests are adverse to Chief Joy's regarding indemnification, allocation of fault, and the scope of employment.
14. Serving Chief Joy through Attorney Betancourt would have compromised Plaintiff's case. Plaintiff chose to preserve his rights.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Deny Defendants' Objection to Plaintiff's Motion for Costs (Doc. 11);

B. Grant Plaintiff's Motion for Costs Under Rule 4(d)(2);

C. Order Chief Joy to pay Plaintiff's costs incurred in attempting service, including travel expenses for Yanlong Townsend and Alan Bristol;

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 15th day of October, 2026.

/s/ Richard Townsend
Richard Townsend, Pro Se
603 498-0747
legal.tbf@outlook.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, October 15, 2026, I served a true and accurate copy of the foregoing Objection to Defendants' Objection to Motion for Costs:

David Betancourt, Esq.
Friedman Feeney Getman PLLC
95 N. State Street
Concord, NH 03301
dbetancourt@friedmanfeeney.com

/s/ Richard Townsend
Richard Townsend, Pro Se
Dated: October 15, 2026